# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 09-cr-0086 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| TIMOTHY JAMES KIRSCH | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before this Court is a Motion to Dismiss the Indictment [Record Document 24], filed on behalf of the defendant, Timothy James Kirsch ("Kirsch"). For the reasons stated herein, Defendant's motion is **DENIED.**

## FACTUAL BACKGROUND

On July 27, 2006, the Adam Walsh Child Protection and Safety Act of 2006 ("Adam Walsh Act") was signed into law "to protect the public from sex offenders and offenders against children, and in response to the vicious attacks by violent predators. . . ." 42 U.S.C. § 16901. The Sex Offender Registration and Notification Act ("SORNA"), a component of the Adam Walsh Act, imposes a requirement on states to maintain a registry of sex offenders who reside, are employed or are attending school in the state. § 16913(a). The statutory requirements for registration are as follows:

> (a) <u>In general</u>. A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student. For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence.
>
> (b) <u>Initial registration</u>. The sex offender shall initially register--

> (1) before completing a sentence of imprisonment with respect to the offense giving rise to the registration requirement; or
>
> (2) not later than 3 business days after being sentenced for that offense, if the sex offender is not sentenced to a term of imprisonment.
>
> (c) <u>Keeping the registration current</u>. A sex offender shall, not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) of this section and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry. That jurisdiction shall immediately provide that information to all other jurisdictions in which the offender is required to register.
>
> (d) <u>Initial registration of sex offenders unable to comply with subsection (b) of this section</u>. The Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before July 27, 2006 or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders and for other categories of sex offenders who are unable to comply with subsection (b) of this section.

§ 16913(a)-(d).

Additionally, SORNA provides a criminal penalty for any sex offender who travels in interstate commerce and fails to register or update a registration. Specifically, Title 18, United States Code, Section 2250 provides that a person required to registered under SORNA who "travels in interstate or foreign commerce" and "knowingly fails to register or update a registration as required by [SORNA] shall be fined under this title or imprisoned not more than 10 years, or both." On February 28, 2007, approximately seven months after its enactment, the United States Attorney General decided that SORNA "appl[ies] to all sex offenders, including sex offenders convicted of the offense for which registration is required prior to the enactment" of the Act. 28 C.F.R. § 72.3.

On March 18, 2002, prior to the enactment of SORNA, Kirsch pled guilty in Iowa state court to the felony offense of Lascivious Acts with a Child, in violation of Iowa Code § 709.8, and was sentenced to five years imprisonment. Iowa state law requires Kirsch to register as a sex offender until 2014. As part of the state registration process, Kirsch was notified in writing that if he moved to another state, he was required to register within the new state within five (5) days. Kirsch last registered in Iowa on January 28, 2008.

On August 26, 2008, Kirsch attempted to register for classes at Southern Arkansas University in Magnolia, Arkansas. During the registration process, university police learned Kirsch was a registered sex offender in Iowa and arrested him for failure to register as a sex offender under Arkansas state law. The Arkansas state court released the defendant on bond. [Doc. 25.]

Sometime around the end of 2008 or early 2009, Kirsch relocated to North Louisiana and obtained employment in Haynesville, Louisiana. On March 31, 2009, Kirsch was arrested by Claiborne Parish Sheriff's deputies for failure to register as a sex offender pursuant to Louisiana Revised Statute 15:542.1.3.

On April 23, 2009, a federal grand jury returned a one-count indictment against Kirsch for traveling in interstate commerce and failing to register as a sex offender pursuant to 18 U.S.C. § 2250. [Doc. 1]. Kirsch seeks dismissal of the indictment on the following grounds: (1) he did not receive notice of the obligation to register under SORNA, thereby denying him of his due process rights under the Fifth and Fourteenth Amendments, (2) SORNA violates the Commerce Clause, (3) SORNA violates the non-delegation doctrine, (4) SORNA violates the Ex Post Facto Clause, and (5) SORNA violates the Tenth Amendment. [Doc. 24].

**LAW AND ANALYSIS**

Recently, in United States v. Whaley, 557 F.3d 254 (5th Cir. 2009), the United States Fifth Circuit Court of Appeals held that: (1) the registration and penalty provisions of SORNA do not exceed Congress's authority under the Commerce Clause, Id. at 261 ("requiring sex offenders to register both before and after they travel in interstate commerce...is 'reasonably adapted' to the goal of ensuring that sex offenders register and update previous registrations when moving among jurisdictions"); (2) notice of a duty to register under state law is sufficient to satisfy the Due Process Clause, Id. at 262; and (3) the SORNA section authorizing the Attorney General to issue regulations is not an impermissible delegation of legislative authority to the executive branch, Id. at 264 (finding that SORNA's stated purpose is an intelligible principle that guides the Attorney General in exercising his discretion and that the authority delegated is relatively small). Defendant Kirsch acknowledges that this court is bound by the Fifth Circuit's opinion in Whaley and, therefore, merely seeks to preserve these issues for further review. [Doc. 24, pp. 2-3]. Accordingly, the Court will only address Kirsch's arguments regarding whether SORNA violates the Ex Post Facto Clause or the Tenth Amendment of the United States Constitution.

**A.    Ex Post Facto Clause**

Kirsch argues SORNA violates the Ex Post Facto Clause because it punishes conduct that predates its enactment. [Doc. 24, p.10]. The Government argues there is no ex post facto violation because § 2250 only seeks to criminalize Kirsch's travel in interstate

commerce and his subsequent failure to register in Louisiana, acts which occurred after § 2250's enactment. [Doc. 25, pp. 7-8].

The United States Constitution provides that "[n]o Bill of Attainder or ex post facto Law shall be passed." U.S. Const. Art. I, § 9, cl. 3. An ex post facto law is one which imposes a punishment for an act which was not punishable at the time it was committed, imposes a punishment greater than that prescribed at the time the crime was committed, changes the rules of evidence by which less or different testimony is sufficient to convict, or deprive a defendant of a defense available at the time he committed the act. Collins v. Youngblood, 497 U.S. 37, 45-46, 110 S.Ct. 2715, 2721, 111 L.Ed.2d 30 (1990). A criminal or penal statute is considered to be ex post facto only when the statute is retrospective[1] and disadvantages the offender affected by it. Weaver v. Graham, 450 U.S. 24, 29, 101 S.Ct. 960, 964, 67 L.Ed.2d 17 (1981).

Although the Fifth Circuit has not addressed the issue of whether SORNA violates the Ex Post Facto Clause, other Circuit Courts of Appeal have expressly rejected such arguments. Just last month, the Eighth Circuit concluded that SORNA does not violate the Ex Post Facto Clause because "the statute does not punish an individual for previously being convicted of a sex offense, but it instead merely 'punishes an individual for traveling in interstate commerce and failing to register.'" United States v. Zuniga, — F.3d —, 2009 WL 2746822, *3 (8th Cir. Sept. 1, 2009) (quoting United States v. May, 535 F.3d 912, 920 (8th Cir. 2008) (wherein the Circuit Court recognized that the statute does not punish an

---

[1]A statute is "retrospective" if it applies to events occurring before its enactment. Weaver v. Graham, 450 U.S. 24, 29, 101 S.Ct. 960, 964, 67 L.Ed.2d 17 (1981) (citing Jaehne v. New York, 128 U.S. 189, 194, 9 S.Ct. 70, 71, 32 L.Ed. 398 (1888)).

individual for previously being convicted of a sex offense)); see also, United States v. Dumont, 555 F.3d 1288, 1292 (11th Cir. 2009) (concluding that prosecution is not precluded against a defendant who traveled interstate prior to the retroactivity determination because § 2250 only criminalizes the failure to register as a sex offender within three business days of SORNA's enactment); United States v. Dixon, 551 F.3d 578, 586-87 (7th Cir. 2008) (holding that a defendant's rights under the Ex Post Facto Clause were not violated where he admitted he had failed to register "on or about July 2007," almost five month after SORNA was made applicable to him); United States v. Lawrence, 548 F.3d 1329, 1336 (10th Cir. 2008) (application of SORNA to defendant who was convicted of sexual offense in July 2002, traveled in interstate commerce after July 2006, and failed to register pursuant to the requirements of the statute did not violate the Ex Post Facto Clause). Similarly, the Ninth Circuit has determined that charging an a defendant with failure to register as a sex offender does not violate the ex post facto clause because the failure to register as a sex offender is a "continuing offense." United States v. George, — F.3d —, 2009 WL 2591677, *5 (9th Cir. Aug. 25, 2009); see also, United States v. Hinckley, 550 F.3d 926, 936 (10th Cir. 2008) ("An interpretation of the sex offender registration requirement that defines it in any way other than as a continuing offense would result in absurdity.").

The Indictment charges that "[b]etween on or about February 1, 2008, and on or about March 31, 2009," the defendant "traveled in interstate commerce and did knowingly fail to register as a convicted sex offender." [Doc. 1, Count 1]. The Government is not charging Kirsch for any conduct underlying his prior conviction, nor is it charging him for any conduct occurring prior to the enactment of SORNA. Rather, Kirsch is charged solely

with traveling in interstate commerce and failing to register as a sex offender after the date on which § 2250 became retroactive. Because the Indictment charges Kirsch with acts occurring well after the time SORNA became applicable to him, the Court finds no violation of the Ex Post Facto Clause. See e.g., Smith v. Doe, 538 U.S. 84, 92, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003) (holding that retroactive application Alaska's sex offender registration does not violate the ex post facto clause); United States v. Morris, 2008 WL 5249231 (W.D.La. Nov. 14, 2008) ("the prosecution of a defendant for violation of § 2250, when both the interstate travel and the failure to register occur *after* the effective date of SORNA and *after* the Attorney General's publication of the interim Rule, is constitutionally permissible").

**B.     Tenth Amendment**

In setting forth the registration requirements, SORNA provides that jurisdictions in which a sex offender registers "shall immediately provide that information to all other jurisdictions in which the offender is required to register." 42 U.S.C. § 16913(c). SORNA also mandates that "[e]ach jurisdiction, other than a Federally recognized Indian tribe, shall provide a criminal penalty that includes a maximum term of imprisonment that is greater than 1 year for the failure of a sex offender to comply with the requirements of this subchapter." § 16913(e). Kirsch argues these provisions demonstrate SORNA's encroachment upon state sovereignty in violation of the Tenth Amendment. [Doc. 24, pp.10-11]. The Government contends, however, that Kirsch lacks standing as a private citizen to assert this claim and, even if he did have standing, that Kirsch's argument lacks merit. [Doc. 25, pp. 6-7].

The Tenth Amendment provides that "powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively,

or to the people." U.S. Const. Amend. X. Under the Tenth Amendment, federal officers are prohibited from conscripting, or commandeering, state officials to administer and enforce a federal regulatory program. Printz v. United States, 521 U.S. 898, 935, 117 S.Ct. 2365, 138 L.Ed.2d 914 (1997). Because the Tenth Amendment protects state rights, private citizens lack standing to raise a Tenth Amendment claim. United States v. Santana, 584 F.Supp.2d 941, 955 (W.D.Tex. 2008) (citing Tenn. Elec. Power Co. v. Tenn. Valley Auth., 306 U.S. 118, 144, 59 S.Ct. 366, 83 L.Ed. 543 (1939); United States v. Texas Tech Univ., 171 F.3d 279, 287 (5th Cir. 1999)); see also, United States v. Zuniga, — F.3d —, 2009 WL 2746822, *3 (8th Cir. Sept. 1, 2009) (held that because the defendant was a private party, he lacked standing to raise a Tenth Amendment challenge to SORNA); United States v. Hacker, 565 F.3d 522, 527 (8th Cir. 2009) (wherein the court found that a defendant who challenged SORNA in his individual capacity lacked standing to raise a Tenth Amendment challenge to SORNA because the "requisite representation by the states or their officers" was notably absent).

Even if the Court were to assume *arguendo* that Kirsch has standing to challenge SORNA under the Tenth Amendment, the Supreme Court has consistently held that Congress may place conditions of compliance with federal law upon the receipt or withholding of federal funds. South Dakota v. Dole, 483 U.S. 203, 206-08, 107 S.Ct. 2793, 97 L.Ed.2d 171 (1987) (articulating that Congress's power to condition the receipt of federal funds under the spending power is valid so long as the spending/withholding is: (1) in the pursuit of "the general welfare;" (2) the conditional nature is clear and unambiguous; (3) the condition is rationally related to the purpose of the federal interest, program, or funding; and (4) the conduct required to comply with the condition is not barred by the

constitution itself.). Kirsch's Tenth Amendment argument thus fails because states are not conscripted or commandeered to comply with SORNA. Rather, SORNA merely provides a financial incentive for states to comply with the federal sex offender registration requirements:

> (a) In general. For any fiscal year after the end of the period for implementation, a jurisdiction that fails, as determined by the Attorney General, to substantially implement this subchapter, shall not receive 10 percent of the funds that would otherwise be allocated for that fiscal year to the jurisdiction under [the Omnibus Crime Control and Safe Streets Act of 1968].

42 U.S.C. § 16925(a); see also, United States v. Hernandez, 615 F.Supp.2d 601, 622-23 (E.D.Mich. 2009) (noting Congress determined that a national registry of sex offenders would promote the general welfare of the country by protecting potential victims of sexual crimes).

Further, SORNA makes clear that states may refuse to implement its provisions: "[*t*]*he provisions of this subchapter* that are cast as directions to jurisdiction or their officials *constitute*, in relation to States, *only conditions required to avoid the reduction of Federal funding under this section*." § 16925(e) (emphasis supplied). Accordingly, the Court concludes that SORNA does not encroach upon state sovereignty and, therefore, does not violate the Tenth Amendment. See United States v. Pendleton, 2009 WL 2984201, *7 (D.Del. Sept. 18, 2009) ("Since states are not required to implement SORNA's provisions, the Tenth Amendment anti-conscription doctrine is inapplicable to [defendant's] circumstances."); United States v. Burkey, 2009 WL 1616564, *27 (D.Nev. June 8, 2009) (stating that Congress did not violate the Tenth Amendment by giving states financial incentives to bring their individual sex offender registration systems in compliance with

SORNA's registration requirements); United United States v. Contreras, 2008 WL 5272491, *8 (W.D.Tex. Dec. 28, 2008) (holding that because SORNA does not commandeer states or state officials, it does not violate the Tenth Amendment); United States v. Shenandoah, 572 F.Supp.2d 566, 584 (M.D.Pa. 2008) (find that the spending power granted to Congress in Article I, § 8, cl. 1 of the Constitution insulates SORNA from the Tenth Amendment); United States v. Ditomasso, 522 F.Supp.2d 233, 247 (D.R.I. 2008) (holding that § 2250, which merely adds a penalty to failure to abide by state registration laws, is a "far cry" from the commandeering of state functions).

## CONCLUSION

For the reasons stated herein, the Court finds Defendant Timothy James Kirsch's constitutional challenges to SORNA fail. Accordingly, defendant's motion to dismiss the indictment is **DENIED.**

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 6th day of October, 2009.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE